# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST SPECIALTY INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>HUDSON PALMER HOMES, INC. f/k/a THE CUTLER GROUP, INC. d/b/a THE DAVID CUTLER GROUP; THE CUTLER GROUP, INC. d/b/a THE DAVID CUTLER GROUP; ABC CORPORATIONS 1-50 (presently unidentified individual fictitious corporate entities); and JOHN and JANE DOES 1-50 (presently unidentified individual fictitious individuals),<br><br>Defendants,<br><br>and<br><br>THE UNDERLYING CLAIMANTS (as identified in Exhibit "A" hereto),<br><br>Interested Party Defendants. | Civil Action No. 2:17-cv-05732<br><br>**FIRST AMENDED DECLARATORY JUDGMENT COMPLAINT** |

Plaintiff First Specialty Insurance Corporation ("FSIC"), by and through its attorneys, Connell Foley LLP, as and for a First Amended Declaratory Judgment Complaint as to Defendants Hudson Palmer Homes, Inc. f/k/a The Cutler Group, Inc. d/b/a The David Cutler Group; and The Cutler Group, Inc. d/b/a The David Cutler Group (collectively, "Cutler"); ABC Corporations 1-50 (presently unidentified individual fictitious corporate entities) ("ABC Corporations"); and John and Jane Does 1-50 (presently unidentified individual fictitious persons) ("John and Jane Does"); and Interested Party Defendants The Underlying Claimants (as identified in Exhibit "A" hereto); alleges on knowledge as to its own acts and otherwise on information and belief as follows:

-1-

## INTRODUCTION

1.      This is an insurance coverage action for declaratory relief to determine the respective rights and obligations of FSIC and Cutler under a policy of commercial general liability insurance issued by FSIC to Cutler (the "Policy") in connection with certain underlying construction defect lawsuits filed against Cutler in Montgomery, Chester, and Bucks Counties, all located within the Eastern District of Pennsylvania (collectively and as identified in Exhibit "A" hereto, the "Underlying Actions").

2.      In particular, FSIC seeks a judicial ruling that its duty to defend and obligation to indemnify Cutler in connection with the Underlying Actions is subject to the $1 million per occurrence limit of liability in the Policy because all of the Underlying Lawsuits arise from the same common "cause", *i.e.*, systemic construction defects allegedly attributed to Cutler.

3.      FSIC also seeks a judicial ruling that once its $1 million per occurrence limit is properly exhausted through payments for judgments or settlements on behalf of Cutler in the Underlying Actions, FSIC's duty to defend and obligation to indemnify Cutler in connection with the Underlying Claims under the Policy are extinguished.

4.      Because an actual dispute and controversy exists between FSIC and Cutler concerning application of the $1 million per occurrence limit of liability in the Policy to the Underlying Actions, FSIC respectfully brings this action for declaratory relief.

## THE PARTIES

### Declaratory Judgment Plaintiff

5.      Plaintiff FSIC is a corporation organized under the laws of the State of Missouri, maintains its principal place of business in Overland Park, Kansas, and is authorized to and does transact business in the Commonwealth of Pennsylvania.

**Declaratory Judgment Defendants**

6.      Upon information and belief, Defendant Cutler is a corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business in Plymouth Meeting, Pennsylvania, and is authorized to and does transact business in the Commonwealth of Pennsylvania.

7.      Defendants ABC Corporations 1-50 and John and Jane Does 1-50 are presently unidentified individual fictitious entities or persons who have sought or may seek and/or are or may be liable to provide insurance or payments in connection with the matters alleged in the Underlying Actions.

**Interested Party Defendants**

8.      Upon information and belief, Interested Party Defendants The Underlying Claimants (as identified in Exhibit "A") are each residents and citizens of the Commonwealth of Pennsylvania, who maintain properties and/or reside in the Eastern District of Pennsylvania.

9.      The Underlying Claimants are included as nominal defendants in this action because they have or may have an interest in its outcome as plaintiffs in the Underlying Actions.

## JURISDICTION AND VENUE

10.     This Honorable Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties have complete diversity of citizenship, and the alleged sum or value in controversy, exclusive of interest and costs, exceeds the amount of $75,000.

11.     Venue is proper within the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action took place in this District.

4462573-1

12. Personal jurisdiction exists over the Defendants because Cutler transacts business in and maintains its corporate citizenship and principal place of business in the Commonwealth of Pennsylvania, and all Defendants transact business in, maintain residence and property in, and/or have otherwise submitted to jurisdiction in the Commonwealth of Pennsylvania.

## THE FSIC POLICY

13. FSIC issued Commercial General Liability Policy Number IRG 200xxxx xx to The Cutler Group, Inc. for the period February 1, 2016 to February 1, 2017 (previously and hereinafter referred to as the "Policy"). The Policy contains limits of insurance in amounts of $1 million per occurrence and $2 million in the aggregate.

14. The Policy only provides liability insurance with respect to "bodily injury" and "property damage" if such damage "is caused by an 'occurrence'" and takes place "during the policy period" as set forth therein.

15. The Policy defines an "occurrence" in pertinent part to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

## THE UNDERLYING ACTIONS

16. The Underlying Claimants have sued Cutler in various Underlying Actions alleging that Cutler's systemic construction defects involving improperly installed stucco on multiple homes resulted in water/moisture intrusion and related damages. All of the Underlying Actions arise from the same systemic design and construction defects arising from stucco installation which led to water/moisture intrusion and resulting damages.

17. In particular, the Underlying Actions allege as set forth in certain of the pleadings that Cutler "uses common architectural drawings for its model homes across its different

-4-

developments" and "similar construction methods and materials" involved in "the same construction defects" at multiple properties throughout this District.

18. Likewise, the Pennsylvania Attorney General has filed a lawsuit alleging similar "systemic issues" including Cutler's alleged failed to comply with building codes and industry standards for stucco installation resulting in water/moisture intrusion and resulting damages to multiple properties throughout this District.

## FSIC'S DEFENSE SUBJECT TO RESERVATION OF RIGHTS

19. Because the damages claimed in the Underlying Actions all arise from the same common "cause", namely systemic construction defects allegedly attributable to Cutler, all such damages constitute a single occurrence are subject to the per occurrence limit in the Policy.

20. Accordingly, FSIC has agreed to provide a defense to Cutler under the Policy in connection with certain Underlying Actions subject to an express reservation of rights, including a reservation of rights pursuant to the $1 million per occurrence limit of liability in the Policy.

21. FSIC brings this action for declaratory relief because an actual and justiciable controversy exists between the parties concerning whether the damages claimed in the Underlying Actions are subject to the $1 million per occurrence limit of liability in the Policy.

## COUNT ONE
### (Declaratory Judgment)

22. FSIC repeats, realleges, and incorporates by reference each of the allegations in Paragraphs 1 through 21 as if set forth fully and at length herein.

23. In calculating the number of occurrences, damages arising from the same common "cause" are considered to constitute a single occurrence under the Policy. *See, e.g., Appalachian Ins. Co. v. Liberty Mutual Ins. Co.*, 676 F.2d 56 (3d Cir. 1982); *Union Carbide Corp. v. Travelers Ins. Co.*, 399 F.Supp. 12 (W.D. Pa. 1975); *Kinney-Lindstrom v. Medical Care*

-5-

*Availability & Reduction of Error Fund*, 73 A.3d 543 (Pa. 2013); *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286 (Pa. 2007); *Liberty Mutual Ins. Co. v. Treesdale*, 418 F.3d 330 (Pa. 2005).

24.     Here, the damages claimed in the Underlying Actions against Cutler arise out of the same common cause, namely systemic construction defects allegedly attributable to Cutler, and therefore constitute a single occurrence under the Policy.

25.     An actual controversy exists among the parties concerning application of the $1 million per occurrence limit of liability in the Policy to the Underlying Actions.

26.     Accordingly, FSIC seeks a judgment declaring that all damages alleged in the Underlying Actions arise out of a single occurrence -- the systemic construction defects allegedly attributable to Cutler -- and are therefore subject to the $1 million per occurrence limit of liability in the Policy.

**COUNT TWO**
**(Exhaustion of Limit)**

27.     FSIC repeats, realleges, and incorporates by reference each of the allegations in Paragraphs 1 through 26 as if set forth fully and at length herein.

28.     FSIC's duty to defend and obligation to indemnify Cutler in connection with the Underlying Actions are extinguished upon exhaustion of the $1 million per occurrence limit of liability in the Policy through payments for judgments or settlements in the Underlying Actions.

29.     An actual controversy exists among the parties concerning whether the coverage being provided by FSIC to Cutler in connection with the Underlying Actions under a reservation of rights is subject to the $1 million per occurrence limit of liability in the Policy.

30.     Accordingly, FSIC respectfully requests a judicial determination from this Court declaring that FSIC's duty to defend and obligation to indemnify Cutler in connection with the

-6-

Underlying Actions are extinguished upon FSIC's exhaustion of the $1 million per occurrence limit through payments for judgments or settlements on behalf of Cutler in the Underlying Actions.

## COUNT THREE
### (Additional Coverage Defenses)

31. FSIC repeats, realleges, and incorporates by reference each of the allegations in Paragraphs 1 through 30 as if set forth fully and at length herein.

32. An actual controversy exists among the parties concerning the scope and extent of coverage available under the Policy in connection with the Underlying Actions giving rise to this Declaratory Judgment Complaint.

33. Because the Underlying Actions have not been presented with sufficient particularity so as to make FSIC aware of all terms, conditions, provisions, exclusions, or other defenses which are or may become available so as to bar or limit coverage, FSIC reserves the right to amend this Declaratory Judgment Complaint and/or to assert all applicable defenses if and when additional information becomes available.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff FSIC respectfully requests judgment and relief as follows:

A) A declaration that all of the damages alleged in the Underlying Actions arise out of a single occurrence and are subject to the $1 million per occurrence limit of liability in the Policy;

B) A declaration that once its $1 million per occurrence limit is properly exhausted through payments for judgments or settlements on behalf of Cutler in the Underlying Actions, FSIC's duty to defend and obligation to indemnify Cutler in connection with the Underlying Actions under the Policy are extinguished;

-7-

C)  For any and all declarations not expressly requested herein regarding the rights and duties of the parties that are necessary for the resolution of this matter; and

D)  An award of FSIC's reasonable attorneys' fees and costs of this suit, and such other relief as this Court deems just, proper, and equitable.

CONNELL FOLEY LLP

Dated: March 28, 2018

By: _Jillian B. Saputelli_____

Jillian B. Saputelli (PA ID #319543)
Neil V. Mody (*pro hac* pending)
Connell Foley LLP
Liberty View Building
457 Haddonfield Road, Suite 230
Cherry Hill, NJ 08002
Tel.: 856.317.7100
Fax.: 856.317.7117

Attorneys for Plaintiff,
First Specialty Insurance Corporation

# EXHIBIT "A" TO COMPLAINT FOR DECLARATORY JUDGMENT

The Underlying Claimants referred to in the Declaratory Judgment Complaint are as follows:

*Achenbach v. The Cutler Group Inc., et al.*, **No. 2016-07532, Court of Common Pleas, Pennsylvania (Bucks County)**

1. Brian Achenbach
2. Neal Borkert and Amy Borkert
3. James Fadigan and Valerie Fadigan
4. Joseph Lozon and Renee Lozon
5. Scott Marshall and Jennifer Marshall
6. Thomas Martin and Susan Martin
7. Lisette Moonan
8. Michael Phillips and Heidi Phillips
9. Robert Quinn and Ada Quinn
10. Mark Rollo and Susan Rollo
11. Michael Savio and Tina Savio
12. William Schenkel and Kristin Schenkel
13. Jeffrey Szczepanski and Holly Pringle
14. William Underkoffler and Linda Underkoffler
15. Philip Ventresca and Cynthia Ventresca

*Ahn v. The Cutler Group Inc., et al.*, **No. 2016-04876, Court of Common Pleas, Pennsylvania (Chester County)**

16. Eun Hee Ahn a/k/a Eun Hee Park and Sung K. Park
17. Frankie Basile and Kimberly Basile
18. Ajaya Devabhaktuni and Sandra Devabhaktuni
19. David Forrest and Malinda Forrest
20. Sung Ja Kang
21. Manohar Katakam and Vanaja Katakam
22. Chi Hong Kim, Su Kim, and Sun Kim
23. Stephen Kotch and Kathleen Kotch
24. Sui Lui and Shao Lui
25. Jang Hyuk Mun and Soo Jin Mun
26. Kisoo Nam
27. Danilo Parisi and Emilia Parisi
28. Dong Il Park and Yeon Soon Park
29. Keum Rye Song and Ki Soo Song
30. Joseph Sundheim and Colleen Sundheim
31. Jehan Tamboowalla and Tara Tamboowalla
32. Sujan Thanjavuru and Hema Thanjavuru
33. Julius Webb and Christine Webb

*Arico v. The Cutler Group Inc., et al.*, No. 2016-04649, Court of Common Pleas, Pennsylvania (Bucks County)

34. John Arico and Kristen Arico
35. Russell Irving and Gina Irving
36. David Nimmo and Regina Nimmo
37. Andrew Wise and Gabrielle Wise

*Bobrin v. The Cutler Group Inc., et al.*, No. 2016-06861-CT, Court of Common Pleas, Pennsylvania (Chester County)

38. Steven Bobrin and Staci Bobrin
39. Mark Bolendz and Janet Bolendz
40. Kevin Campbell and Deborah Campbell
41. Kevin Dombay and Gina Dombay
42. Chuanpu Hu and Wenyu Hu
43. Ninyun Lee and Yean Ling Feng, a/k/a Cindy Feng
44. Shuanfang Li and Xiaochun Wang
45. William McCann and Jane McCann
46. Scott Straight and Tami Straight
47. Allen Varughese and Cindy Varughese
48. Sasidhar Vogety and Venkata Madhav Vapeddi, a/k/a Krishnapriya Vogety

*Bodek v. The Cutler Group Inc., et al.*, No. 2016-09722, Court of Common Pleas, Pennsylvania (Chester County)

49. John Bodek and Jennifer Bodek
50. Chun-yuan Guo and Wei Yang
51. Steven Kahn and Maureen Kahn
52. Adri Osman and Lisa Osman

*Fastuca v. The Cutler Group Inc., et al.*, No. 2016-06644-CT, Court of Common Pleas, Pennsylvania (Chester County)

53. Stephen Fastuca and Debra Fastuca
54. Hakan Franson and Kiersten Combs
55. Robert E. Hutsell and Cheryl L. Hutsell
56. James M. Lange and Kathleen M. Lange
57. Robert R. Magliano and Jill J. Magliano
58. John F. Mazzola
59. Peter L. Osgood and Jennifer Osgood
60. John M. Szymanski and Heather C. Szymanski
61. Craig A. Zerbe and Kathleen C. Zerbe

*Mancuso v. The Cutler Group Inc., et al.*, No. 2016-04943, Court of Common Pleas, **Pennsylvania (Bucks County)**

62. Jamie Mancuso and Kristina Mancuso

*Michelson v. The Cutler Group Inc.*, et al., No. 2016-25076, Court of Common Pleas, **Pennsylvania (Montgomery County)**

63. Steven Michelson
64. Jeffrey Katz and Melissa Katz

*Samkari v. The Cutler Group Inc., et al.*, No. 2017-03084, Court of Common Pleas, **Pennsylvania (Montgomery County)**

65. Ayman Samkari and Lama Mrayati