## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIRST SPECIALTY INSURANCE CORPORATION,<br>**Plaintiff,**<br><br>v.<br><br>HUDSON PALMER HOMES, INC., formerly known as "THE CUTLER GROUP, INC.," doing business as "THE DAVID CUTLER GROUP,"<br>THE CUTLER GROUP, INC., doing business as "THE DAVID CUTLER GROUP,"<br>**Defendants.** | CIVIL ACTION<br><br><br><br>NO. 17-5732 |

**DuBois, J.**                                                      **November 13, 2018**

## M E M O R A N D U M

### I.    INTRODUCTION

In this case arising out of an insurance contract dispute, First Specialty Insurance Corporation ("FISC"), plaintiff, seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., in order to determine its rights and obligations under an insurance policy issued to defendants Hudson Palmer Homes, Inc. and the Cutler Group, Inc. (collectively, "Cutler defendants")[1] in connection with ten construction defect lawsuits ("Underlying Actions") filed against the Cutler defendants in Pennsylvania state courts.

Pending before the Court is defendants' Motion to Dismiss the Second Amended Declaratory Judgment Complaint. Because plaintiff's declaratory action is unripe, defendants' Motion is granted and the case is dismissed without prejudice.

---

[1] The Cutler Group, Inc., also does business as "The David Cutler Group."

## II.    BACKGROUND

The facts as alleged in plaintiff's Amended Complaint are as follows.  Plaintiff issued a

Commercial General Liability Policy ("Policy") to The Cutler Group, Inc. for the period

February 1, 2016, to February 1, 2017.[2]  Second Am. Dec. J. Compl. ¶ 14.  The Policy provided

insurance for certain "bodily injuries" and "property damage" if caused by an "occurrence,"

defined in pertinent part as "an accident, including continuous or repeated exposure to

substantially the same general harmful conditions."  *Id*. at ¶¶ 16-17.  The Policy has a $1 million

per "occurrence" limit and a $2 million aggregate limit for "products-completed operations."  *Id*.

at ¶ 14.

Plaintiff brings this declaratory judgment action to determine the extent of its potential

coverage obligations under the Policy for the ten lawsuits in state court in which the plaintiffs

allege damages resulting from Cutler defendants' "systemic construction defects involving

improperly installed stucco on multiple homes."  *Id.* at ¶ 18.  Specifically, plaintiff seeks a

judicial ruling that (1) all damages alleged in the Underlying Actions arise out of a single

occurrence and are subject to a $1 million per occurrence limit of liability in the insurance policy

issued by FSIC to Cutler defendants; (2) plaintiff's duty to defend and indemnify Cutler

defendants in connection with the Underlying Actions is extinguished upon exhaustion of the $1

million per occurrence limit of liability; (3) any and all declarations necessary for the resolution

of this dispute; and (4) an award of reasonable attorneys' fees and costs.  *Id*. at 8–9.  Cutler

defendants disagree with plaintiff on whether the construction defects allegedly caused by

---

[2] The Cutler Group, Inc. has changed its name to Hudson Palmer Homes, Inc.  *See* Stipulation (ECF Doc. No. 10).

defendants constitute a single occurrence under the Policy and on the insurance limits applicable to the Underlying Actions. *Id*. at ¶¶ 27–28.

Plaintiff has agreed to provide Cutler defendants with a defense subject to an express reservation of rights in the ten Underlying Actions. At the time this action was filed, liability had not been established in any of the Underlying Actions.

Plaintiff filed his initial Complaint on December 21, 2017. By Order dated March 16, 2018, the Court approved parties' joint stipulation to amend the Complaint. Plaintiff thereafter amended his complaint a second time.

Presently before the Court is The Cutler Defendants' Motion To Dismiss the Second Amended Declaratory Judgment Complaint (ECF No. 24, filed May 8, 2018). Plaintiff filed a Response on May 22, 2018 (ECF No. 27). Cutler defendants filed a Reply on June 6, 2018 (ECF No. 30), and plaintiff filed a Sur-Reply on June 13, 2018 (ECF No. 33). The Motion is thus ripe for review.

## III.    LEGAL STANDARD

Cutler defendants argue that FSIC's declaratory action is not ripe and presents no actual controversy pursuant to Federal Rule of Civil Procedure 12(b)(1) and that plaintiff's declaratory action fails to state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6).[3]

### a.    Rule 12(b)(1): Lack of Subject Matter Jurisdiction

"In evaluating a Rule 12(b)(1) motion, the Court first must determine whether the motion attacks the complaint on its face or on its facts." *McCurdy v. Esmonde*, No. 02–4614, 2003 WL

---

[3] Because the Court dismisses the claim as unripe under Rule 12(b)(1), the Court does not consider Cutler defendants' Rule 12(b)(6) argument.

223412, at *4 (E.D. Pa. Jan. 30, 2003) (DuBois, J.).  "A facial challenge under Rule 12(b)(1)

argues that the complaint fails to allege subject matter jurisdiction, or contains defects in the

jurisdictional allegations."  *Id.* (citing 5A Charles Alan Wright & Arthur R. Miller, Federal

Practice and Procedure § 1250, at 212-18 (2d ed. 1990)).  In contrast, an "in fact" challenge

under Rule 12(b)(1) disputes "the existence of certain jurisdictional facts alleged by the

plaintiffs."  *Carpet Grp. Int'l v. Oriental Rug Importers Ass'n, Inc.*, 227 F.3d 62, 69 (3d Cir.

2000).

"A challenge to the ripeness of an action for adjudication is appropriately brought as a

motion to dismiss for lack of subject matter jurisdiction."  *Save Ardmore Coal. v. Lower Merion

Twp.*, 419 F. Supp. 2d 663, 669 (E.D. Pa. 2005) (citing 5B Charles Alan Wright & Arthur R.

Miller, Federal Practice and Procedure § 1350 (3d ed. 2004)).  Because a ripeness challenge is a

facial attack, *Taylor Inv., Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1290 n.7 (3d Cir. 1993),

"the court may rely on documents referenced in the complaint and attached thereto, but must

view them in the light most favorable to the nonmoving party."  *Sharawneh v. Gonzales*, No. 07-

683, 2007 WL 2684250, at *1 (E.D. Pa. Sept. 10, 2007) (DuBois, J.) (citing *Pension Benefit

Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

IV.   DISCUSSION

Cutler defendants argue that plaintiff's declaratory judgment action should be dismissed

because plaintiff's action is not ripe and even if it was ripe, the court should decline to exercise

its discretionary declaratory judgment jurisdiction over this action.[4]  Cutler defendants also argue

---

[4] Plaintiff argues that this Court should deny Cutler defendants' motion to dismiss as procedurally improper because
Cutler defendants violated parties' joint stipulation by filing pre-answer motions.  Pl. Resp. to Second Mot. To
Dismiss 5, 7-8.  However, the Court, recognizing its discretion in case management decisions, decides to consider
Cutler defendants' motion on the merits.  *See Drippe v. Tobelinski*, 604 F.3d 778, 783 (3d Cir. 2010).  Moreover,

that the Court should dismiss plaintiff's claim for attorneys' fees because plaintiff has provided

no statutory or contractual right to such relief.  The Court concludes that plaintiff's declaratory

judgment action is unripe, and therefore this Court lacks jurisdiction to hear this case.  The Court

also declines to award plaintiff attorneys' fees.

### a. Ripeness

The doctrine of ripeness is based on Article III, which "limits federal jurisdiction to

actual 'cases' and 'controversies.'"  *Armstrong World Indus., Inc. v. Adams*, 961 F.2d 405, 410

(3d Cir. 1992).  The basic rationale behind the ripeness doctrine "is to prevent the courts, through

avoidance of premature adjudication, from entangling themselves in abstract disagreements."

*Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *overruled on other grounds by Califano v.*

*Sanders*, 430 U.S. 99 (1977).

"Ripeness is a matter of degree whose threshold is notoriously hard to pinpoint."

*Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Engineers, Local Union No. 66*,

580 F.3d 185, 190 (3d Cir. 2009).  This task is especially difficult in declaratory judgment

actions "because declaratory judgments are typically sought before a completed injury has

occurred."  *Id*.  However, as the Supreme Court has explained, "[b]asically, the question in each

case is whether the facts alleged, under all the circumstances, show that there is a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and reality

to warrant the issuance of a declaratory judgment."  *Maryland Cas. Co. v. Pac. Coal & Oil Co.*,

312 U.S. 270, 273 (1941) (citation omitted).

---

"considerations of ripeness are sufficiently important that the court is required to raise the issue *sua sponte*," thereby
favoring consideration of Cutler defendants' ripeness claim.  *Peachlum v. City of York*, *Pennsylvania*, 333 F.3d 429,
433 (3d Cir. 2003).

In *Abbott Labs*, the Supreme Court developed a two-part test for determining whether a case is ripe for adjudication: courts must "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." 387 U.S. at 149. The Third Circuit has further refined that test in the declaratory judgment context: courts must examine (1) the adversity of the interest of the parties; (2) the conclusiveness of the judicial judgment; and (3) the practical help, or utility, of that judgment. *See Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990) (citations omitted); *see also Plains All Am. Pipeline L.P. v. Cook*, 866 F.3d 534, 540 (3d Cir. 2017).

After considering the three *Step-Saver* factors, the Court concludes that plaintiff's declaratory judgment action does not present a ripe controversy over which the Court has subject matter jurisdiction because there has been no finding of underlying liability.

### i. Adversity of the interest of the parties

The first requirement under *Step-Saver* is that the parties have adverse legal interests. "Parties' interests are adverse where harm will result if the declaratory judgment is not entered." *Tait v. City of Philadelphia*, 639 F. Supp. 2d 582, 590 (E.D. Pa. 2009) (DuBois, J.), *aff'd*, 410 F. App'x 506 (3d Cir. 2011) (internal citation omitted). "[A] potential harm that is "contingent" on a future event occurring will likely not satisfy this prong of the ripeness test." *Pittsburgh Mack Sales*, 580 F.3d at 190.

Cutler defendants contend that the parties do not have adverse interests because plaintiff does not contest that it has a duty to defend, and any declaratory judgment on plaintiff's indemnification obligations would be premature. Cutler Def.'s Brief in Supp. Mot. to Dismiss Second Am. Compl. at 10. In response, plaintiff argues that the parties' interests are adverse

because they have "each advanced conflicting positions on the number of occurrences and applicable policy limit." Pl. Mem. in Opp'n to Defs.' Mot. to Dismiss at 8.

The Court is not persuaded by plaintiff's argument. Although parties disagree on the proper interpretation of Policy coverage, plaintiff does not dispute that it has a duty under the Policy to defend Cutler defendants in the Underlying Actions and is indeed defending the Underlying Actions. Pl. Resp. 4. Thus, there is no adversity over whether plaintiff presently has an obligation to defend Cutler defendants in the Underlying Actions. Rather, plaintiff seeks a declaratory judgment only on the extent of its duty to indemnify under the Policy.[5] As such, any potential legal harm resulting from this Court not entering a declaratory judgment on plaintiff's duty to indemnify is contingent on Cutler defendants' liability in the Underlying Actions. *Pittsburgh Mack Sales*, 580 F.3d at 190.

It is well-settled under Pennsylvania law that an insurer is required to indemnify only where the insured is held liable for a claim actually covered by the policy. *Sabia Landscaping v. Merchants Mut. Ins. Co*., No. 13-3820, 2013 WL 6022129, at *4 (E.D. Pa. Nov. 6, 2013) (DuBois, J.). Thus, "[t]he question of whether an insurer has a duty to indemnify is not ripe until there is an actual need for indemnification, that is, until liability has been determined in the underlying action." *Republic Servs. of Pennsylvania, LLC v. Caribbean Operators, LLC*, 301 F. Supp. 3d 468, 474 (E.D. Pa. 2018); *see also Knightbrook Ins. Co. v. DNA Ambulance, Inc.*, No. 13-2961, 2013 WL 12145016, at *6 n.12 (E.D. Pa. Oct. 2, 2013) ("we need only highlight how

---

[5] If plaintiff makes indemnification payments such that its continuing duty to defend is in dispute, plaintiff may seek a declaration on the scope of its duty to defend. *See e.g., Sabia Landscaping v. Merchants Mut. Ins. Co.*, No. 13-3820, 2013 WL 6022129, at *2 (E.D. Pa. Nov. 6, 2013) (DuBois, J.) ("Once the insurer's duty to defend is triggered, the insurer has a duty to defend 'until such time that the claim is confined to a recovery that the policy does not cover.'" *citing United Servs. Auto. Ass'n. v. Elitzk*y, 517 A.2d 982, 985 (Pa. Super. Ct. 1986)).

unanswerable any determination of adversity among the parties is . . . because the underlying state action has yet to determine [liability]."); *Trustgard Ins. Co. v. Fagan*, No. 18-00714, 2018 WL 3631935, at \*4 n.2 (M.D. Pa. July 31, 2018) ("The parties are not sufficiently adverse because liability has yet to be established.") Thus, the first *Step-Saver* factor weighs against finding this declaratory action ripe.

### ii. Conclusiveness of the judicial judgment

The second *Step-Saver* factor also weighs against a finding of ripeness because the Court cannot provide a conclusive ruling. The duty to indemnify "cannot be determined merely on the basis of whether the factual allegations of [the] complaint potentially state a claim against the insured." *C.H. Heist Caribe Corp. v. Am. Home Assurance Co*., 640 F.2d 479, 483 (3d Cir.1981). Rather, "[a]ctual indemnification depends upon the existence or nonexistence of facts not yet established' at the pleading stage.'" *NIC Ins. Co. v. PJP Consulting, LLC*, No. 09-0877, 2010 WL 4181767, at \*5 (E.D. Pa. Oct. 22, 2010) (citing *C.H. Heist Caribe Corp.*, 640 F.2d at 483).

Because there has been no ruling in the Underlying Actions on the conduct for which Cutler defendants are liable, the Court has no way to determine what conduct, if any, would provide for liability under the Policy. Thus, the insufficient record renders this matter inconclusive and inappropriate for judicial resolution by way of a declaratory judgment. *See, e.g.*, *Levy-Tatum v. Navient Sols., Inc.*, 183 F. Supp. 3d 701, 711 (E.D. Pa. 2016) ("When [a declaratory] judgment requires a highly-specific factual inquiry, proceeding without a fully developed record . . . [it] constitutes the type of resolution of a contingency that is improper under the Declaratory Judgment Act.").

### iii.  Utility of Judgment

The final *Step-Saver* factor does not weigh in favor of ripeness. Practical utility goes to "whether the parties' plans of actions are likely to be affected by a declaratory judgment," and considers the hardship to the parties of withholding judgment. *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 344–45 (3d Cir. 2001) (internal citations omitted).  Plaintiff argues that "the ruling will have significant utility in guiding FSIC's participation in decisions to defend, settle and/or try multiple Underlying Actions subject to limited insurance proceeds." However, because the Court does not have an adequate record for ruling on plaintiff's indemnity obligations, the Court cannot provide a declaratory judgment of "significant utility."  Thus, considering the three *Step-Saver* prongs as a whole, the Court concludes that the action is not ripe for adjudication.

### b.    Attorneys' Fees

Cutler defendants move to dismiss plaintiff's request for attorneys' fees because plaintiff has identified no statutory or contractual right to such fees.  Mot. To Dismiss Second Am. Compl. at 27-28.

The American Rule states that a prevailing litigant is not entitled to collect attorneys' fees from the loser.  *See Mun. Revenue Serv. v. McBlain*, No. 06-4749, 2010 WL 431721, at *1 (E.D. Pa. Feb. 5, 2010) (DuBois, J.) (*citing Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co.*, 549 U.S. 443, 448 (2007)).  However, "it is unquestioned that a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Hall v. Cole*, 412 U.S. 1, 5 (1973). A court may also grant attorneys' fees for cases in which "the plaintiff's successful litigation confers a substantial benefit on the members of an ascertainable class." *Id*.

Plaintiff argues that the Court should award attorneys' fees to plaintiff because (1) Cutler defendants acted in bad faith in filing pre-Answer motions and (2) plaintiff's action confers a substantial benefit on claimants in the Underlying Actions. The Court rejects plaintiff's arguments, concluding that the filing of Cutler defendants' motion does not establish bad faith and that plaintiff's action does not confer a substantial common benefit sufficient to warrant an award of attorneys' fees. Thus, the Court denies plaintiff's claim for attorneys' fees.

## V.    CONCLUSION

Because plaintiff does not dispute its duty to defend Cutler defendants and seeks a declaratory judgment on the scope of its duty to indemnify prior to a finding of liability in the Underlying Actions, plaintiff's declaratory judgment action is not ripe and must be dismissed without prejudice. Plaintiff does not provide any basis for an award of attorneys' fees. Accordingly, that request is denied.

An appropriate Order follows.